# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREN TOMASINO, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 16-1034 |
| | ) | |
| v. | ) | |
| | ) | Judge Cathy Bissoon |
| GUZMAN-NIEVES, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM ORDER**

Pending before the Court is Plaintiff Karen Tomasino ("Plaintiff")'s Motion to Remand **(Doc. 3)**. For the reasons stated below, the Court will GRANT Plaintiff's Motion to Remand **(Doc. 3)** and remand this action to Court of Common Pleas of Westmoreland County, Pennsylvania.

## **MEMORANDUM**

### A. Background

This lawsuit arises out of an accident that occurred in Westmoreland County, Pennsylvania, on June 14, 2016. On that date, decedent Albert Joseph Tomaino, Jr. was killed when he was struck by a tractor trailer operated by Defendant Cruz Humberto Guzman-Nieves ("Guzman-Nieves"). (Complaint, Exh. A to Notice of Removal (Doc. 1-2), ¶¶ 12-42). Plaintiff alleges that Defendant Guzman-Nieves was acting within the course and scope of his employment with Defendant EGO Express, Inc. ("EGO Express") at the time of the accident. Id.

Plaintiff filed a Complaint against Defendants Guzman-Nieves and EGO Express in the Court of Common Pleas of Westmoreland County on June 29, 2016. (Doc. 1-2). Plaintiff served

1

Guzman-Nieves with the Complaint on June 30, 2016. (Doc. 3, Exh. 1). At the time of service, Guzman-Nieves was incarcerated at the Westmoreland County Prison. Id.

Plaintiff served Defendant EGO Express with the Complaint on July 5, 2016. (Doc. 3, Exh. 1). EGO Express timely filed a Notice of Removal on July 13, 2016. (Doc. 1). According to EGO Express, at the time it filed its Notice of Removal, its insurer was "in the process of finding its assignment of separate counsel for [Guzman-Nieves], so as to avoid any potential conflict." (Doc. 8. at 2). EGO Express alleges that its insurer appointed separate counsel for Guzman-Nieves on August 4, 2016, and that, between July 5, 2016 and August 4, 2016, Guzman-Nieves was unrepresented. Id.

On August 8, 2016, Plaintiff filed the instant Motion for Remand, arguing that this case should be remanded to the Court of Common Pleas of Westmoreland County because not all defendants timely consented and/or joined in the removal. (Doc. 3).

On August 25, 2016, counsel entered an appearance on behalf of Guzman-Nieves (Doc. 6). On August 26, 2016, Guzman-Nieves filed a Joinder and Consent to the Removal by Defendant EGO Express. (Doc. 7).

**B. Legal Standard**

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States." 28 U.S.C. § 1441(a); Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987). After a notice of removal is filed, a plaintiff may seek to remand the action back to state court under 28 U.S.C. § 1447(c) for "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." Ramos v. Quien, 631 F. Supp. 2d 601, 607 (E.D. Pa. 2008) (quoting PAS v. Travelers Ins. Co., 7 F.3d 349, 352 (3d

2

Cir.1993)). On a motion to remand, the party asserting jurisdiction (the removing party) bears the burden of establishing that the action is properly before the court. Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004). Moreover, as federal courts are of limited jurisdiction, removal statutes should be construed strictly against removal, with all doubts resolved in favor of remand. Id.; Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990).

**C. Analysis:**

EGO Express asserts that this Court has diversity jurisdiction over Plaintiff's Complaint pursuant to 28 U.S.C. § 1332. While Plaintiff does not contest that diversity jurisdiction exists, she argues that there were defects in the removal process warranting remand. Specifically, Plaintiff claims that EGO Express violated the "rule of unanimity" by removing this action to federal district court without first obtaining Guzman-Nieves's consent to removal, as required by 28 U.S.C. § 1446(b)(2).

Section 1446(b)(2) provides:

> When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action. Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.

Under this "rule of unanimity," all defendants must join in the notice of removal or otherwise consent to the removal within the thirty-day period set forth in 28 U.S.C. § 1446(b) in order to perfect removal. See Balazik v. County of Dauphin, 44 F.3d 209, 213 (3d Cir. 1995). In a case involving multiple defendants, "each defendant individually has thirty days to file a notice of removal beginning when that particular defendant is served." Delalla v. Hanover Ins., 660 F.3d 180, 185 (3d Cir. 2011). "If defendants are served at different times, however, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the

3

removal even though that earlier-served defendant did not previously initiate or consent to removal." Pujols–Sanchez v. Wexxar Packaging, Inc., 2014 WL 4058726, at *1 (E.D. Pa. Aug. 14, 2014) (citing 28 U.S.C. § 1446(b)(2)(C)).

"Where a defendant who has been properly served fails to join in, or consent to, removal within the prescribed thirty-day time period under Section 1446(b), not only is the Notice of Removal defective on its face, but so too is a subsequent notice of consent also filed outside the prescribed thirty-day time period. The subsequent filing of an untimely notice of consent is of absolutely no moment, does nothing to cure the defect in the removal procedure, and is properly rejected by the Court." Cacoilo v. Sherwin–Williams Co., 902 F.Supp.2d 518, 518 (D.N.J. 2012); Balazik, 44 F.3d at 213 ("Failure of all defendants to join is a defect in the removal procedure . . . ").

    a. EGO Express's Notice of Removal is Defective

EGO Express concedes that its Notice of Removal is procedurally deficient, as Guzman-Nieves failed to provide written consent to removal on or before July 30, 2016 (*i.e.*, thirty days after being served). Defendant argues, however, that the Court has discretion to deny a motion for remand when there are "exceptional circumstances" that prevent a co-defendant from consenting within the thirty-day time period, citing to an opinion from the Court of Appeals for the Fifth Circuit, Gillis v. Louisiana, 294 F.3d 755 (5th Cir. 2002). In Gillis, the court relied on Fifth Circuit precedent holding that "'[e]xceptional circumstances' might permit removal even when a defendant fails to comply fully with § 1446 within the thirty-day removal period." Id. at 759 (citing Getty Oil v. Ins. Co. of N. Am., 841 F.2d 1254, 1263 n.12 (5th Cir.1988)). Applying that precedent, the court found that "exceptional circumstances" excused the defendant's failure to timely file written consent because consent could be authorized only at a board meeting, and

4

such a meeting could not be scheduled within the thirty-day removal period because the Board's chairman, who was also a plaintiff in the matter, had interposed scheduling conflicts. Id. at 758–59.

Unlike the Court of Appeals for the Fifth Circuit, the Court of Appeals for the Third Circuit has not adopted an "exceptional circumstances" exception to the general "rule of unanimity." To the contrary, the Court of Appeals for the Third Circuit recognizes only three narrow exceptions to the "rule of unanimity": (1) where the non-joining defendant is a nominal party; (2) where a defendant has been fraudulently joined; or (3) where a non-resident defendant has not been served at the time the removing defendants filed their petition. See Balazik, 44 F.3d 209, 213 n.4. EGO Express does not argue that any of the above three exceptions apply in this case. Accordingly, while sympathetic to EGO Express's arguments, the Court finds that it lacks discretion under current Third Circuit law to apply an "exceptional circumstances" exception to EGO Express's procedurally defective notice of removal.

      b. EGO Express Cannot File An Amended Notice of Removal

In its briefing, EGO Express asks that the Court treat the "Notice of Removal to be considered properly amended by the filing of Co-Defendant's Joinder and Consent." (Doc. 8, at 4). Although not framed as such, the Court construes EGO Express's request as a request for leave to file an amended Notice of Removal. For the reasons discussed below, the Court will deny that request.

A notice of removal can be amended freely within the thirty day period provided for in 28 U.S.C. § 1446(b). See USX Corp. v. Adriatic Ins. Co., 345 F.3d 190, 205 n.13 (3d Cir. 2003). Furthermore, the removal statute provides that a party may amend its notice of removal after the thirty day period has expired to correct defective allegations of jurisdiction. See 28 U.S.C.

5

§ 1653. The Court of Appeals for the Third Circuit has not addressed whether a removal petition can be amended, after the thirty day period has expired, to correct a procedural—as opposed to a jurisdictional—defect. See Lewis v. Rego Corp., 757 F.2d 66, 69 n.2 (3d Cir. 1985). Furthermore, "there is a split among the district courts within the Third Circuit about whether they have discretion to permit the amendment of a notice of removal after expiration of the thirty-day removal period when such an amendment would serve the interests of justice or judicial economy." See Baldy v. First Niagara Pavilion, C.C.R.L., LLC, 149 F. Supp. 3d 551, 564 (W.D. Pa. 2015) (collecting cases). As the court recognized in Baldy, however, even those district courts that have held that they have discretion to grant defendants leave to cure procedural defects in removal notices have explained that they are "unlikely to grant leave to amend absent 'extraordinary circumstances.'" Such extraordinary circumstances have been found only when the court has a "'significant investment' in a case or if there is a dearth of guidance about how a defendant can satisfy the requirements of the removal statutes." Id. at 565.

Here, the Court has not expended a significant amount of time or resources on this matter, i.e., issued substantive orders, conducted any conferences or otherwise had involvement in the case other than resolving Plaintiff's motion to remand. Furthermore, the requirement that all defendants provide written consent to removal is, at this point, well established. Thus, there is no basis for the Court to conclude that the circumstances in this case are "extraordinary" and warrant granting EGO Express leave to cure its defective removal notice. Baldy, 149 F. Supp. 3d at 566; see also 14C CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, AND JOAN E. STEINMAN, FEDERAL PRACTICE & PROCEDURE § 3739 (4th ed.) ("[O]ther defects in removal procedure cannot be cured. For example, if fewer than all

defendants who must join the removal fail to do so within the time prescribed in Section 1446 as the particular court interprets it, that defect cannot be cured.").

**ORDER**

For the foregoing reasons, Plaintiff's Motion to Remand is GRANTED. The Court hereby REMANDS this action to the Court of Common Pleas of Westmoreland County, Pennsylvania.

IT IS SO ORDERED.


October 5, 2016                                                 s/Cathy Bissoon
                                                                                                      Cathy Bissoon
                                                                                                      United States District Judge

CC (via ECF email notification):

All Counsel of Record